Nimrod Cromwell *vs.* The State.—*December,* 1841.

The reservation, "that further and other remedy may be provided by law in the premises as the Legislature may enact," contained in the act of 1804, chap. 55, sec. 3, a part of the amended constitution of this State, relating to the removal of criminal causes, was intended specifically to authorise a detailed system, prescribing, the "manner and terms," to be observed by parties entitled to the right.

The act of 1805, chap. 65, sec. 49, is not repugnant to the act of 1804, chap. 55, sec. 3.

It is only a plain and palpable contradiction of their enactments, that will induce the court to say that one act of the General Assembly violates another.

Writ of Error to *Baltimore* City Court.

Indictment against the appellant for an assault and battery, found at February term, 1841. At June term, 1841, the traverser suggested to the court in writing and upon oath, that he could not have a fair and impartial trial in *Baltimore* city court, and prayed a removal of the record to some adjoining county court. But the judges, (BRICE, C. J., NISBET and WORTHINGTON, A. J.,) no other proof being offered to them but

the suggestion and affidavit aforesaid, refused to order the removal, upon which the appellant sued out a writ of error.

By the amended constitution, 1804, chap. 55, sec. 3, it is enacted, that if any party presented or indicted, &c., shall suggest in writing to the court in which such prosecution is depending, that a fair and impartial trial cannot be had in such court, it shall and may be lawful for the said court to order and direct the record of their proceedings in, &c., to be transmitted to the judges of any adjoining county court for trial, &c., *provided that such further and other remedy may be provided by law in the premises, as the Legislature may direct and enact.*

By the act of 1805, chap. 65, sec. 49, it is enacted, that no prosecution now depending or hereafter to be instituted, shall be removed, unless after indictment being found, the person or persons against whom said indictment shall be found, shall suggest in writing, supported by affidavit or other proper evidence, that a fair and impartial trial cannot be had, that then it shall be lawful for the *said court, in their discretion,* to order and direct the record, &c., to be transmitted to the judges of the adjoining county court, before whom, &c.

By the act of 1809, chap. 138, sec. 20, where a party suggests by affidavit, that a fair and impartial trial cannot be had in the court where the indictment is found, *"such court shall "order the record of the proceedings* in said prosecution to be "transmitted to the court having criminal jurisdiction of any "adjoining county," &c.

By the act of 1840, chap. 211, passed 8th March, 1841, it was enacted, "that so far as relates to *Baltimore* city court, the 20th section of the act of 1809, chap. 138, entitled, an act, &c., be and the same is hereby repealed, and that the 49th section of the act of November session 1805, chap. 65, entitled, an act, &c., be and the same is hereby declared to be in full force and effect, so far as relates to said *Baltimore* city court.

This writ of error was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, CHAMBERS and SPENCE, J.

By T. Y. Walsh for the appellant, who maintained, that the act of 1840, chap. 211, was unconstitutional so far as it invests the judges of the city court with discretion to refuse to remove a cause.

That the act of 1805, chap. 65, was also unconstitutional; that the act of 1804 was imperative on the courts, until the Legislature provided some other remedy for a party indicted, to aid him in and secure to him the privilege of removing cause. The act of 1805 was no remedy; it gave no relief to the prisoner; it was a restriction upon his rights under the constitution as amended in 1804.

By Richardson, for the State—

I take no objection to this writ of error, that it was sued out before final judgment; before sentence. There is an important practical question involved in it, which we are desirous of having finally decided, and as speedily as may be.

If a broad privilege is confirmed by the act of 1804, I agree that it cannot be restricted by a single act of the Legislature. But is the 49th section of that act obligatory; mandatory upon the courts of original jurisdiction, or is it merely permissive. It says, it shall and may be lawful for the courts to remove—is this imperative or discretionary? It must be discretionary, for the Legislature is authorised by a single act, without altering the constitution, to provide another and further remedy in the premises. What is such further and other remedy? A remedy for what? That the Legislature may impose some restriction is decided. 6 *Harr. & John.* 270. It means, that the Legislature may remedy the evils resulting from the change of the constitution as provided by the act of 1804, and hence the act of 1841 is clearly constitutional.

Chambers, J., delivered the opinion of this court.

The court consider the case of *Dashiell and the State,* 6 *H. & J.* 268, conclusive upon this question. It is there said "the act of 1805 does not attempt to deprive the party of this right, but only points out the manner and terms upon which it shall

be enjoyed.   It is not repugnant to the act of 1804, but only directs in detail how the general provisions of that act shall be carried into operation."

Without the aid of such decisive authority, it would require the most plain and palpable contradiction in the two enactments to force upon the court the conclusion, that the act of 1804 was violated by the provisions of the act of 1805, passed as it was by the same Legislature who adopted and ratified the act of 1804, thereby making it a part of the constitution, not only at the very moment when they had thus re-enacted it, but by the very act which was designed to carry out into full operation and effect the system which it was intended to introduce.

We are driven to no such imperative necessity, but are of opinion, that the reserved power to legislate further in the premises, was intended specifically to authorise a detailed system, prescribing the "manner and terms" to be observed by parties who are entitled to the right.

JUDGMENT AFFIRMED.